UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**ANTHONY L. ROBINSON**                                                                 **PLAINTIFF**

v.                                                                          **CIVIL ACTION NO. 5:12CV-P45-R**

**PHILIP PARKER et al.**                                                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Anthony L. Robinson, filed a *pro se*, *in forma pauperis* complaint (DN 1).  For the reasons set forth below, the Court will allow Plaintiff the opportunity to file a completed prisoner 42 U.S.C. § 1983 complaint form before conducting initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**I.**

Plaintiff, who is incarcerated at the Kentucky State Penitentiary, initiated this action by filing on his own paper what he titled "Petition for Federal Charges."  He stated that he wished to file and press federal charges against Warden Philip Parker, Deputy Warden Alan Brown, and Chaplain Sheila Burnham.  He alleged that these Defendants violated his Fifth, First, and Fourteenth Amendment rights.  He alleged that he and his "Moorish American Brothers with the Moorish Science Temple of American Islamism Faith" have been targeted for the use of their tribal names, violating the Nationality Act and the Religious Freedom Restoration Act of 1993.  He also alleges that racism and retaliation are taking place against them and that their Eighth Amendment rights are being violated.  He asks this Court to issue an order to the Kentucky Department of Corrections (KDOC) "requesting or demanding" that he be transferred to another penitentiary because he fears for his life for filing these charges.  He also asks this Court to issue

an Order recognizing certain prisoner names as containing "El" and "Bey" as part of their name because it is required that "Moorish Americans use El and Bey as a birthright as well as religious right."

Plaintiff also submitted a certification of funds deposited into his prison institutional account for the last six months, which the Court interpreted to be a request to proceed *in forma pauperis*, and which the Court granted. Plaintiff then submitted a response stating that he wished to press federal charges not file a civil action for which the filing fee is $350. He states that what he filed was "Not a lawsuit and shall not be treated as a lawsuit." He states that "$350 dollars is too much just to file a Federal Criminal Complaint. Which this being said, the petitioner wishes to dismiss this complaint due to the filing fee being way too much[] [a]s this would not have cost the same as the citizens in society." He states that he wishes to dismiss this complaint without prejudice but that he does request that he and "all members of branch temple #43 of the Moorish Science Temple of America a moslem religion be recognized by this said government and entitle them to use 'El' and 'Bey' at the end of their names." He states that the Moorish Americans would be satisfied if the Court would issue an Order to the KDOC that recognizes that he is entitled to use the name "El" at the end of his name as a right under the First Amendment.

## II.

### *Plaintiff cannot bring federal charges*

Plaintiff asserts that all he wishes to do is press charges against Defendants. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965).

The Court does not have the power to direct that criminal charges be filed as Plaintiff seeks, nor can Plaintiff "press" charges against these prison employees in this Court. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

*Plaintiff's initiating document is a civil-rights complaint*

In addition to seeking to press charges, Plaintiff requests injunctive relief in the forms of a transfer and being allowed to add "El" to his name. The relief that Plaintiff seeks is the type of relief that is encompassed by the Constitution and federal law. *Dyer v. Hardwick*, No. 10-cv-10130, 2011 WL 4036681 (E.D. Mich. Aug. 1, 2011); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (opining *pro se* petitions should be characterized according to the relief sought, and not to the label given to them by *pro se* prisoners unlearned in the law); *Szaflarski v. Lurie Co.*, No. 90C606, 1991 WL 169356, at *3 (N.D. Ill. Aug. 27, 1991) ("Pro se complaints are to be construed liberally and, if the facts support a particular type of claim, the complaint is to be considered to contain that claim even if the plaintiff did not cite the proper statute or accurately label a claim."). In short, the allegations that Plaintiff makes are the type of allegations that are brought in § 1983 complaints.

*Plaintiff is not entitled to a refund*

Finally, dismissal of this action would not relieve Plaintiff of his responsibility to pay the full amount of the requisite $350.00 filing fee in this action. *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d at 607. Rather, the obligation to pay the filing fee attaches when a prisoner "brings a civil action." *In re Alea*, 286 F.3d at 381. As has already been discussed, Plaintiff cannot press federal charges, and his complaint alleges claims and

requests relief that fall under § 1983. The dismissal of the complaint now would not negate the obligation to pay the fee. *McGore v. Wrigglesworth*, 114 F.3d at 607 ("Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint . . . is filed. . . . Any subsequent dismissal of the case does not negate this financial responsibility." (citations omitted)); *see also Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000).[1]

*Screening*

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). However, before the Court will screen this action, the Court will send Plaintiff a form for filing a complaint pursuant to 42 U.S.C. § 1983 in case Plaintiff wishes to more fully flesh out his claims knowing that they will be treated as a civil-rights action.

### III. ORDER

**IT IS ORDERED** that **within 30 days** of entry of this Order, Plaintiff shall file with the Court a completed prisoner § 1983 form whereupon this matter will undergo initial review. Should Plaintiff fail to comply with this Order, the Court will conduct its initial review without the benefit of the completed form complaint. The Clerk of Court is **DIRECTED** to send to Plaintiff a prisoner § 1983 form and a copy of the *Pro Se* Prisoner Handbook.

Finally, the Court would point out to Plaintiff that as a non-lawyer he may not represent

---

[1] The Court notes that the filing fee for filing a civil action – $350 – is the same for incarcerated and non-incarcerated persons.

4

any other plaintiffs to this action. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage."); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (explaining that § 1654 "'does not allow for unlicensed laymen to represent anyone else other than themselves'") (citation omitted)).

Date:

cc: Plaintiff, *pro se*
4413.009